JULIAN B. VENEZKY *et al.*, Plaintiffs-Appellants, v. CENTRAL ILLINOIS LIGHT COMPANY, Defendant-Appellee.

Third District   No. 3—87—0650

Opinion filed April 28, 1988.

James M. Voelker and Gary D. Nelson, both of Heyl, Royster, Voelker & Allen, of Peoria, for appellants.

Mary Ellyn R. Hogan, of Central Illinois Light Company, and Timothy W. Kirk, both of Peoria, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiffs, Julian and Madeline Venezky, appeal from a judgment of the circuit court of Peoria County granting defendant's motion to dismiss. Pursuant to an order entered by the supreme court on February 22, 1988, the three justices of the Appellate Court for the Second

District who are deciding this case were assigned to sit as justices of the Appellate Court for the Third District. On appeal, plaintiffs argue that the motion to dismiss was improperly granted because defendant had a duty to use reasonable care, defendant did not raise affirmative matter as required by section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9)), and the affidavit filed in support of the defendant's motion to dismiss did not comply with Supreme Court Rule 191(a) (107 Ill. 2d R. 191(a)). We reverse and remand for further proceedings.

On January 22, 1985, plaintiffs resided at 468 East High Point Road in Peoria, Illinois. On that day, the gas·meter and regulator at their home malfunctioned, stopping the supply of natural gas to their furnace. The water pipes in the Venezky home froze and burst. The gas meter was repaired, but when the house was reheated, the pipes leaked, causing $9,494.07 worth of property damage. On September 17, 1986, plaintiffs filed a complaint against defendant, Central Illinois Light Company (CILCO), alleging that CILCO had a duty to use reasonable care in installing, maintaining, and repairing the meter regulator. The complaint also alleged that CILCO's negligence caused the damage to the Venezkys' house. The complaint contained·a second count which contended that CILCO was liable on a *res ipsa loquitur* theory.

CILCO filed a motion to dismiss, arguing that neither count I nor count II of plaintiffs' complaint stated a cause of action. The motion was denied as to both counts. The defendant then filed a second motion to dismiss, using section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619). This motion was similar to the first motion to dismiss, alleging that CILCO did not have a duty to provide uninterrupted service and that the theory of *res ipsa loquitur* did not apply in this case. The motion was supported by an affidavit which stated that CILCO performs random testing of gas meters and detailed possible reasons for a gas meter's malfunction. After plaintiffs' motion to strike CILCO's motion to dismiss was denied, the trial court granted the defendant's motion to dismiss with prejudice. This appeal ensued.

■ Plaintiffs contend that CILCO's motion to dismiss was improperly granted because it did not raise "affirmative matter" defeating the claim as required by section 2—619(a)(9). A motion to dismiss under section 2—619(a)(9) alleges that the complaint must be dismissed because of "affirmative matter avoiding the legal effect of or defeating the claim." (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9).) The affirmative matter "must be something more than an assertion

that the complaint fails to plead sufficient facts to state a cause of action [citation], or evidence offered to controvert a well-pleaded fact in the complaint." (*Stone v. McCarthy* (1987), 158 Ill. App. 3d 569, 576.) A motion to dismiss concedes all well-pleaded facts in the complaint. (158 Ill. App. 3d at 576.) If the affirmative matter is merely evidence contesting facts alleged in the complaint, use of section 2–619 is inappropriate. (*Inland Real Estate Corp. v. Lyons Savings & Loan* (1987), 153 Ill. App. 3d 848, 854.) We further note that defendant's motion to dismiss for failure to state a cause of action was denied before the motion involved in this appeal was filed, and defendant has not raised an issue concerning the trial court's action with respect to that motion. Therefore, we will focus our attention solely on the question of whether sufficient affirmative matters to defeat plaintiffs' claim were brought forth.

■ The major thrust of defendant's argument surrounds its tariff and the affidavit filed in support of the motion to dismiss. CILCO argues that, under its tariff, it cannot be held responsible for damages caused by interruptions in service unless the interruption is caused by fault on its part. CILCO then argues that because it presented an affidavit which has the statement of a CILCO employee concerning the procedures used in testing gas meters and regulators it has produced affirmative matter to defeat a claim. We disagree. The core issue of the complaint is whether the malfunction of the gas meter and improper reheating of the house were caused by CILCO's negligence in installing, maintaining, and repairing the meter. The affidavit in support of CILCO's motion merely sets forth the procedures used in testing gas meters and an employee's opinion as to why the machinery might have malfunctioned. The trial court originally found that plaintiffs' complaint stated a cause of action. This affidavit merely contradicts the plaintiffs' allegation of negligence in installation, maintenance, and repair. Therefore, we conclude that the defendant did not present any affirmative matter which would warrant dismissal.

For the above reasons, the judgment of the circuit court of Peoria County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

LINDBERG, P.J., and NASH, J., concur.