ANITA D. AYALA, Plaintiff-Appellant, v. LAWRENCE R. FOX *et al.*, Defendants-Appellees.

Second District No. 2—89—1274

Opinion filed December 19, 1990.

Charles E. Petersen and William T. King, Jr., both of Presbrey & Amoni, of Aurora, for appellant.

Daniel J. Kordik and John Panegasser, both of Caluwaert, Panegasser & Hancock, of Elmhurst, for appellees.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Anita Ayala, appeals from an order of the circuit court of Du Page County dismissing her five-count complaint against defendants, Lawrence Fox and NBD Wheaton Bank (Bank). Plaintiff contends that the trial court erroneously dismissed her complaint based on *Hewitt v. Hewitt* (1979), 77 Ill. 2d 49. We disagree with plaintiff and therefore affirm the trial court's order.

On June 20, 1989, plaintiff filed her complaint, the underlying factual allegations of which are as follows. Plaintiff and Fox met in July 1976 and began residing together shortly thereafter. In August 1976, Fox proposed that they jointly pay for the construction of a single-family home in Warrenville, Illinois. Fox promised plaintiff that title to the property would be transferred to their names as joint tenants with the right of survivorship and that plaintiff would receive one-half of the equity of the house in the event that they stopped residing together. In reliance on Fox's promises, plaintiff obligated herself to pay a $48,000 mortgage, which was recorded on May 16, 1978. The proceeds of the mortgage were used to construct the house on the property. From September 1978 to October 1988, plaintiff and Fox lived in the house and jointly contributed to the mortgage payments. From 1978 to 1981, Fox was unemployed, and, consequently, plaintiff paid the majority of the mortgage payments, taxes and insurance during that period. Fox and plaintiff ceased living together in October 1988. Fox failed to transfer the title into joint tenancy and failed to pay plaintiff her half of the equity in the property. Instead, Fox transferred the title by deed in trust to the Bank.

Count I of the complaint was based on promissory estoppel and requested that the court find that Fox breached the contract between the parties by failing to transfer title to the property to the parties' names as joint tenants, failing to reimburse plaintiff for taxes, mortgage and insurance payments she made from April 1978 to October 1988, and failing to pay plaintiff one-half of the equity in the property. In count II, plaintiff requested that the court declare an equitable lien on the property based on the theory of unjust enrichment.

In count III, plaintiff alleged that she and Fox "lived together as husband and wife" and that, by virtue of this relationship, Fox owed plaintiff a fiduciary duty. Plaintiff further alleged that Fox breached this fiduciary duty to her by failing to put the property in joint tenancy and failing to give her one-half of the equity in the house after she cosigned the mortgage and made payments on the house. Therefore, plaintiff concludes that she was entitled to have a constructive trust declared on the property. In count IV, plaintiff alleged that dur-

ing the course of their husband-wife relationship, the parties acquired various items of personal property which were paid for out of their mutual funds. Plaintiff sought one-half of the equity of the personal property on the theory of unjust enrichment.

Defendants filed a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619) based on the statute of limitations (Ill. Rev. Stat. 1989, ch. 110, par. 13—205), the Statute of Frauds (Ill. Rev. Stat. 1989, ch. 59, par. 2), and the public policy of Illinois disfavoring the granting of mutual property rights to knowingly unmarried cohabitants as set forth in *Hewitt.* Prior to the hearing on the motion to dismiss, plaintiff was granted leave to file an additional count. In count V, plaintiff alleged that she and Fox had an oral agreement to be partners in the construction and ownership for profit of the house in Warrenville. In October 1988, the parties dissolved the partnership, and plaintiff demanded a winding up of the partnership affairs. Plaintiff requested that the court order Fox to wind up the partnership affairs and make a distribution of the partnership assets.

On September 19, 1989, the trial court held a hearing on the motion to dismiss. The court limited the arguments of counsel to the effects of *Hewitt,* stating that it was not "impressed by the argument on statute of limitations or statute of frauds." At the conclusion of the hearing, the trial court explained its interpretation of *Hewitt.* The court stated that *Hewitt* stood for the proposition that "property disputes between persons who lived together without the benefit of marriage are not going to be recognized by the Court." Accordingly, the court held that due to the parties' cohabitation, *Hewitt* barred plaintiff's claims. The court then granted the motion to dismiss without prejudice. Thereafter, the court denied plaintiff's motion for reconsideration, and this appeal followed.

■■■ Plaintiff contends that the trial court misapplied *Hewitt* to the complaint in this case when it granted defendants' motion to dismiss. The basis of a section 2—619(a)(9) motion to dismiss is that the claim must be dismissed because of an affirmative matter avoiding the legal effect of or defeating the claim. (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(9); *Venezky v. Central Illinois Light Co.* (1988), 168 Ill. App. 3d 612, 613.) For the purpose of such a motion to dismiss, all well-pleaded facts and inferences are accepted as true. *Carrillo v. Hamling* (1990), 198 Ill. App. 3d 758, 760; *Basler v. Webb* (1989), 188 Ill. App. 3d 178, 180.

■ In *Hewitt,* our supreme court held that it would not grant mutual property rights to unmarried cohabitants because to do so

would reinstate common-law marriage and violate the public policy of this State. (See *Hewitt,* 77 Ill. 2d at 65-66.) Plaintiff argues that the holding of *Hewitt* is inapplicable in the present case because her complaint is based on the principle, recognized by *Hewitt,* "that cohabitation by the parties may not prevent them from forming valid contracts about independent matters, for which it is said the sexual relations do not form part of the consideration." *Hewitt,* 77 Ill. 2d at 59.

Plaintiff maintains that this case is more similar to *Spafford v. Coats* (1983), 118 Ill. App. 3d 566. In *Spafford,* this court explained the basis underlying the decision in *Hewitt*:

> "[T]he real and underlying concern of the supreme court in *Hewitt* was that judicial recognition of mutual property rights between knowingly unmarried cohabitants—where the claim is based upon or intimately related to the cohabitation of the parties—would in effect grant to unmarried cohabitants substantially the same marital rights enjoyed by married persons, resurrect the doctrine of common law marriage, and contravene the public policy enunciated by the Illinois legislature to strengthen and preserve the integrity of marriage." (*Spafford,* 118 Ill. App. 3d at 572.)

The court then went on to distinguish the case before it from *Hewitt.* The plaintiff in *Spafford* was seeking a constructive trust on several vehicles that the parties purchased during their cohabitation, several of which were financed by a loan which the plaintiff obtained, and others to which the plaintiff contributed a substantial portion of the purchase price. The court concluded that the plaintiff's claims were substantially independent of the nonmarital relationship and were not based on rights arising from the cohabitation or the performance of domestic services. *Spafford,* 118 Ill. App. 3d at 572.

Defendants disagree with plaintiff, arguing instead that *Hewitt,* and not *Spafford,* must control our decision. Defendants seek to distinguish *Spafford* by emphasizing that the plaintiff in *Spafford* sought the specific vehicles which she had paid for and which were placed in the defendant's name for insurance purposes only. Defendants assert that the *Hewitt* rationale is applicable in the present case because plaintiff is seeking equity in the real and personal property of her former boyfriend for the duration of their cohabitation.

■ We agree with defendants and find that *Spafford* is distinguishable from the specific facts in this case. In *Spafford,* the plaintiff did not seek recovery based on rights closely resembling those arising from a conventional marriage or on rights founded on proof of cohabi-

tation; therefore, the court allowed recovery to prevent an unjust enrichment. (*Spafford*, 118 Ill. App. 3d at 572.) In the present case, plaintiff is seeking recovery based on rights closely resembling those arising from a conventional marriage, namely, an equitable interest in the "marital" residence. Unlike *Spafford*, plaintiff's claim here is intimately related to her cohabitation with Fox. If we were to agree with plaintiff, we would, in effect, be granting to an unmarried cohabitant substantially the same marital rights as those which married persons enjoy. Such a holding would contravene the public policy of this State. (See *Hewitt*, 77 Ill. 2d at 65-66; *In re Marriage of Hughes* (1987), 160 Ill. App. 3d 680, 685-86.) Thus, we hold that plaintiff, as an unmarried cohabitant, is not entitled to an equitable interest in the property at issue in this case.

For these reasons, the order of the circuit court of Du Page County is affirmed.

Affirmed.

BOWMAN and NICKELS, JJ., concur.