CYNTHIA GLASSIE, Plaintiff-Appellant, v. PAPERGRAPHICS, INC., Defendant-Appellee and Third-Party Plaintiff-Appellee (Kathy Kitzing *et al.*, Third-Party Defendants-Appellees).

First District (1st Division)   No. 1—91—2366

Opinion filed June 28, 1993.

Leo M. Bleiman & Associates, of Chicago (Laura Monahan-Jarvis, of counsel), for appellant.

Condon & Cook, of Chicago (Paul S. Festenstein and Monica E. Rackauskas, of counsel), for appellee Papergraphics, Inc.

Rooks, Pitts & Poust, of Chicago (Stephen E. Sward, of counsel), for appellee Kathy Kitzing.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff Cynthia Glassie appeals an order of the circuit court of Cook County granting motions to dismiss plaintiff's negligence suit that were filed by defendant Papergraphics, Inc., and third-party defendants Kathy Kitzing and Julieanna Abelseth.

The record on appeal indicates the following facts. On May 15, 1989, plaintiff filed a complaint against Papergraphics. The complaint alleges that on December 24, 1987, Glassie attended a holiday party on Papergraphics' premises. It is alleged that food was being prepared on portable burners located on a table at the party. Plain-

tiff was injured when one of the portable stoves erupted flames that burned plaintiff. Plaintiff alleged defendant was negligent in cooking with devices that use highly flammable liquid fuel, failing to warn or to mark the area around the stoves and cooking in an area where guests could be exposed to the flames. On September 18, 1990, Papergraphics filed a third-party complaint for contribution against Kitzing as owner of the stove and Abelseth as the person who poured fuel into the stove while attempting to ignite the stove.

Papergraphics, Kitzing and Abelseth filed motions to dismiss the complaints against them, pursuant to sections 2—406 and 2—619(a)(9) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, pars. 2—406, 2—619(a)(9)). These parties contended that plaintiff's exclusive remedy was to pursue a claim under the Workers' Compensation Act (Act) (see Ill. Rev. Stat. 1985, ch. 48, pars. 138.5(a), 138.11).

Kitzing and Abelseth submitted substantially similar affidavits indicating that plaintiff, Kitzing and Abelseth were all employed by Papergraphics on December 24, 1987. Plaintiff, Kitzing and Abelseth attended a holiday party on that date, which was also attended by Mark Audino, president of Papergraphics. All company employees had been invited to the party. Plaintiff, Kitzing, Abelseth and Audino sat at the same table at the party. At the time of plaintiff's injury, Audino was holding a burner to a fondue pot and Abelseth was pouring alcohol into the burner when it ignited, sending a ball of flame at plaintiff. According to Kitzing and Abelseth, the party began at about 11 a.m. on company time and company premises; both were paid for time spent on the premises and work completed that day.

Glassie submitted a counteraffidavit which adds that the party was planned by plaintiff, Kitzing and Abelseth. Glassie also states that before the party, Audino told the Papergraphics employees that they were relieved of their duties for the day and were free to leave.

Papergraphics did not submit affidavits in support of its motion to dismiss. However, Audino did answer interrogatories for Papergraphics. These answers indicate that the party was to start at noon, that attendance was not mandatory and employees were not required to return to work afterwards.

Following a hearing, the trial court granted the motions to dismiss. Plaintiff timely filed a notice of appeal to this court. This court subsequently entered an order directing the parties to submit

supplemental memoranda concerning the applicability of section 11 of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.11) to this appeal.

The purpose of a section 2—619 motion is to provide a mechanism to dispose of issues of law or easily proved issues of fact. (*Chicago Steel Rule Die & Fabricators Co. v. Malan Construction Co.* (1990), 200 Ill. App. 3d 701, 558 N.E.2d 341; *Consumer Electric Co. v. Cobelcomex, Inc.* (1986), 149 Ill. App. 3d 699, 501 N.E.2d 156.) A motion based on section 2—619(a)(9) asserts that the motion must be dismissed due to affirmative matters avoiding the legal effect of or defeating the claim. (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9).) However, in deciding the merits of the motion, a trial court cannot determine disputed factual issues solely upon affidavits and counteraffidavits. (See *Premier Electrical Construction Co. v. La Salle National Bank* (1984), 132 Ill. App. 3d 485, 493, 477 N.E.2d 1249, 1255-56.) Moreover, for the purposes of deciding the motion, the well-pleaded facts in plaintiff's complaint and inferences therefrom are generally accepted as true. See *Ayala v. Fox* (1990), 206 Ill. App. 3d 538, 540, 564 N.E.2d 920, 921.

▪ The issue on appeal is whether plaintiff may sue in negligence or whether she is limited to the remedies of the Workers' Compensation Act. The exclusivity provisions of the Act may bar an employee from bringing a common law claim against his or her employer, unless the employee proves that: (1) the injury was not accidental; (2) the injury did not arise from his or her employment; (3) the injury was not received during the course of employment; or (4) the injury was not compensable under the statute. (*Meerbrey v. Marshall Field & Co.* (1990), 139 Ill. 2d 455, 463, 564 N.E.2d 1222, 1226.) The parties dispute the second and third possibilities.

This court directed the parties to submit supplemental memoranda focusing on the applicability of section 11 of the Act, which provides in relevant part as follows:

> "Accidental injuries incurred while participating in voluntary recreational programs including but not limited to athletic events, parties and picnics do not arise out of and in the course of the employment even though the employer pays some or all of the cost thereof. This exclusion shall not apply in the event that the injured employee was ordered or assigned by his employer to participate in the program." Ill. Rev. Stat. 1985, ch. 48, par. 138.11.

▪ The defendants maintain in their memoranda that plaintiff has waived her ability to raise section 11 of the Act. However, a reviewing court may take judicial notice of a State statute, even if ar-

gument thereon could be deemed waived. (See *American Federation of State, County & Municipal Employees, Council 31, A F L-C I O v. County of Cook* (1991), 145 Ill. 2d 475, 480, 584 N.E.2d 116, 118 (hereinafter *AFSCME*).) The waiver rule is an admonition to the parties, rather than a limitation on the reviewing court, which has a responsibility for just results within a sound and uniform body of precedent. (*AFSCME*, 145 Ill. 2d at 480, 584 N.E.2d at 119.) Consequently, we turn to consider the effect of section 11 upon this appeal.

In cases decided upon facts occurring after the amendment of section 11 in 1980, the principal issues have been whether the activity was voluntary and whether the activity was a "recreational program." (*Kozak v. Industrial Comm'n* (1991), 219 Ill. App. 3d 629, 579 N.E.2d 921; *Cary Fire Protection District v. Industrial Comm'n* (1991), 211 Ill. App. 3d 20, 569 N.E.2d 1338.) In their memoranda, defendants suggest that the party at issue here is not a "recreational program" within the scope of section 11 of the Act.

■ The record in this case indicates that plaintiff was injured at a party to which all Papergraphics employees were invited. Glassie's affidavit indicates that Audino told the Papergraphics employees that they were relieved of their duties for the day and were free to leave. Papergraphics' answers to interrogatories indicate that employees were not required to attend the party. The record therefore indicates that the party at issue here was a "voluntary recreational program" within the meaning of section 11 of the Act.

Defendants argue that we should interpret the amendment of section 11 in light of the statements made during the legislative debate thereof. (See *Morel v. Coronet Insurance Co.* (1987), 117 Ill. 2d 18, 24, 509 N.E.2d 996, 999.) Defendants claim that these statements support their position. Defendants' argument overlooks the rule that the best indication of legislative intent is the language of the statute itself. (See *Burke v. 12 Rothschild's Liquor Mart, Inc.* (1992), 148 Ill. 2d 429, 441-42, 593 N.E.2d 522, 527.) The language of section 11 expressly indicates that a party falls within the scope of the term "voluntary recreational program." Moreover, we note that the statements identified by defendants do not contradict our conclusion here.

Aside from section 11, defendants' initial briefs cite case law in support of their position, but only *Orsini v. Industrial Comm'n* (1987), 117 Ill. 2d 38, 509 N.E.2d 1005, involved an injury occurring after the amendment of section 11 of the Act quoted above. We

agree with Papergraphics' contention at oral argument that *Orsini* is not factually on point.

In sum, we conclude that the motions to dismiss should not have been granted. For all of the aforementioned reasons, we reverse the judgment of the circuit court of Cook County and remand the case for proceedings consistent with this opinion.

Reversed and remanded.

MANNING, P.J., and BUCKLEY, J., concur.