BARBARA KAISER, Plaintiff-Appellant, v. PAUL B. FLEMING, Defendant-Appellee.

Second District   No. 2—99—1185

Opinion filed August 23, 2000.

922

Janice Metros Johnston, of McHenry, for appellant.

Michael E. Kalland, of Law Offices of Josette Skelnik, of Elgin, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

The plaintiff, Barbara Kaiser, appeals the dismissal of her complaint seeking judgment for money she gave the defendant, Paul B. Fleming, to pay off the mortgage on his home. We affirm in part, reverse in part, and remand the cause for further proceedings.

On December 1, 1998, the plaintiff filed a two-count complaint. Count I was titled "Petition for Constructive Trust," and count II was titled "Money Had and Received." The complaint alleged that the plaintiff and the defendant began an intimate relationship while the plaintiff was married to another man. The plaintiff's marriage to her husband was later dissolved. When the plaintiff filed her complaint, she was a 38-year-old medical transcriber who had a high school education and had taken some college courses. The defendant was a 55-year-old self-employed college graduate who worked out of his home in Elgin, Illinois.

The plaintiff alleged that, before the plaintiff's judgment of dissolution of marriage was entered on March 11, 1995, she told the defendant that she was considering accepting the property distribution from her dissolution in installment payments over two or three years. The defendant became angry and told the plaintiff she would be foolish to accept payment over a number of years and advised her to demand a lump-sum payment. The plaintiff followed the defendant's advice and later received a lump-sum payment of $47,188.38 for the property distribution.

The plaintiff further alleged that in the winter of early 1996 she considered purchasing a unit in a newly built subdivision. The purchase required the plaintiff to use approximately $45,000 of her property distribution money for the down payment. The defendant advised the plaintiff that the " 'lay of the land' could cause a problem of water damage to the foundations of the units in the subdivision." The plaintiff did not purchase the unit.

Subsequently, the defendant asked the plaintiff to live with him at his home in Elgin, Illinois. The plaintiff spoke with an accountant, who the plaintiff believed was the defendant's accountant, regarding investing her property distribution money. The defendant then suggested that the plaintiff use the money to pay off the balance of the defendant's mortgage, stating that they would both "be able to save more money" and "would have more 'gain' when the real property was sold." The plaintiff believed that paying off the defendant's mortgage would be a safe investment for her money and would be an investment for the future of both herself and the defendant. The plaintiff moved into the defendant's home on June 30, 1996.

On August 7, 1996, the defendant told the plaintiff that he needed $47,188.38 to pay off the balance of his mortgage. The following day, the plaintiff gave the defendant a check for that amount. The check was cashed, and on October 7, 1996, the mortgage on the defendant's home was released.

During the plaintiff's stay at the defendant's home, she "purchased

the food, groceries, and other routine household articles for the Defendant and herself; [and] prepared their meals, did the yard work and took care of the house." The parties' relationship became strained early in December 1996, and the defendant was verbally abusive toward the plaintiff intermittently from January 1997 until November 15, 1997, when the plaintiff moved out of the defendant's home. During this period, the defendant periodically refused to speak to the plaintiff, ignored her, and became intimidating toward her.

Shortly before the plaintiff moved from the defendant's home, she asked the defendant for her money back. He responded that her payment "was an 'investment' and that Plaintiff would not be repaid until the real property was sold." When the plaintiff told the defendant that she was going to see a lawyer, he told her that she would be making a "big mistake." Further, the defendant told the plaintiff that when he sold the house he would not give her the full amount of $47,188.38 but would deduct her share of the utility bills he paid while the plaintiff lived with the defendant.

In count I, the plaintiff asked the court to find that the defendant (1) was the trustee for a constructive trust in the amount of $47,188.38 for the plaintiff's benefit; (2) breached his fiduciary duty to the plaintiff by failing to record the plaintiff's interest in the defendant's Elgin home; (3) breached his fiduciary duty to the plaintiff by failing to return the money to her; and (4) owed the plaintiff any money he either saved or would later gain due to his breach of fiduciary duty to her. The plaintiff sought a judgment in the amount of $47,188.38, along with statutory interest, costs, and attorney fees. In addition, the plaintiff sought a lien on the defendant's Elgin home in the amount of the judgment and "[a]ny other relief [the] Court deems just."

Count II, titled "Money Had and Received," incorporated by reference the allegations contained in count I and sought a judgment in the amount of $47,188.38, along with statutory interest, costs, attorney fees, and reasonable expenses, all to be paid within 90 days of judgment. In addition, the plaintiff sought "[a]ny other relief [the] Court deems just."

On appeal, the plaintiff argues that the trial court erred by dismissing both counts of her complaint.

Under section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1998)), the question presented by a motion to dismiss for failure to state a cause of action is whether the plaintiff has alleged sufficient facts in the complaint that, if proved, would entitle the plaintiff to relief. *Anderson v. Vanden Dorpel*, 172 Ill. 2d 399, 407 (1996). All well-pleaded facts in the complaint are taken as true (*Boyd v. Travelers Insurance Co.*, 166 Ill. 2d 188, 194 (1995)), but any conclu-

sions drawn from the facts as alleged should be disregarded (*Fuller's Car Wash, Inc. v. Liberty Mutual Insurance Co.*, 298 Ill. App. 3d 167, 170 (1998)). For the purpose of a motion to dismiss, exhibits attached to the complaint become part of the complaint and will be considered. *Fuller's Car Wash, Inc.*, 298 Ill. App. 3d at 170. A motion to dismiss should be granted only if the plaintiff can prove no set of facts to support the cause of action asserted. *Carroll v. Faust*, 311 Ill. App. 3d 679, 684 (2000). We must review the complaint in a light most favorable to the plaintiff (*Carroll*, 311 Ill. App. 3d at 684) under *de novo* review (*Abbasi v. Paraskevoulakos*, 187 Ill. 2d 386, 391 (1999)).

■ After reviewing the pleadings and attached documents, we determine that the trial court erred by dismissing count II of the plaintiff's complaint for money had and received. "An action for money had and received is maintainable where defendant has received money which in equity and good conscience belongs to the plaintiff." *Maloney v. Pihera*, 215 Ill. App. 3d 30, 45 (1991). The cause of action is one that is maintainable to recover money "either under the theory of an implied contract or under the theory of a quasi contractual obligation." *Beatrice Foods Co. v. Gallagher*, 47 Ill. App. 2d 9, 26 (1964). For example, in *Maloney*, the plaintiff made expenditures for real property for the defendant's benefit for a partnership that never materialized. The appellate court held that the plaintiff had established a cause of action for money had and received.

■ Here, the plaintiff alleged that she paid money to the defendant and that he used the money to pay off the mortgage on his home and did not record her interest in the property or return the money to her. The plaintiff alleged, and the defendant did not deny, that he agreed to pay the plaintiff back when the property was sold. Interpreting the complaint in a light most favorable to the plaintiff, we believe count II sufficiently set forth a cause of action for money had and received under a theory of either implied contract or quasi-contract.

We do not agree with the defendant's assertion that a cause of action for money had and received can be proved only where the plaintiff was compelled to pay the defendant. Other courts have not required proof of this element. See *Maloney*, 215 Ill. App. 3d at 45. Further, *Butitta v. First Mortgage Corp.*, 218 Ill. App. 3d 12 (1991), cited by the defendant, is not controlling here. The *Butitta* court erroneously cited *Peterson v. O'Neill*, 255 Ill. App. 400, 402 (1930), for the proposition that the plaintiff must establish that she was compelled to pay money to the defendant to establish a cause of action for money had and received. However, the *Peterson* court merely stated that compulsion is one way of establishing the cause of action. Nothing in *Peterson* supports the defendant's assertion that one *must* allege compulsion. Thus,

*Butitta* is not controlling here. *Union Pacific v. Village of South Barrington*, 958 F. Supp. 1285 (N.D. Ill. 1997), also cited by the defendant, cites *Butitta* for the same erroneous proposition and is likewise not controlling here.

The defendant also cites *Ayala v. Fox*, 206 Ill. App. 3d 538 (1990), to support his argument that the plaintiff's complaint violated Illinois public policy against granting mutual property rights to unmarried cohabitants. We disagree with the defendant. Unlike the plaintiff in *Ayala*, the plaintiff here alleged rights substantially independent from her nonmarital relationship with the defendant. The plaintiff alleged that she wanted to invest the money she received from her property distribution and believed payment of the mortgage would be a safe investment. She further alleged that the defendant told her that the parties would realize "more gain" when the property was sold. Further, the plaintiff's claim here was based upon a lump-sum payment made to the defendant as an investment to pay off the mortgage on his home. The plaintiff's claim in *Ayala* was based upon mortgage payments the plaintiff made while she lived with the defendant for 10 years. Further, the plaintiff in *Ayala* sought additional relief akin to a marital relationship and based her claims on the fact that she and the defendant " 'lived together as husband and wife.' " *Ayala*, 206 Ill. App. 3d at 539. Thus, *Ayala* is factually distinguishable from the case at bar.

The plaintiff also argues that the trial court erred by dismissing her claim seeking a constructive trust. The defendant argues that the trial court properly dismissed this claim. We agree with the defendant.

■ "A constructive trust is an equitable remedy imposed against one who, by some form of wrongdoing such as actual or constructive fraud, breach of a fiduciary duty, duress, coercion, or mistake, has been unjustly enriched." *Schultz v. Schultz*, 297 Ill. App. 3d 102, 106-07 (1998). The plaintiff here based her claim on the defendant's purported breach of fiduciary duty. To establish a constructive trust based on the existence of a confidential or fiduciary relationship, the party seeking the constructive trust must prove such a relationship by clear and convincing evidence. *Martin v. Heinold Commodities, Inc.*, 163 Ill. 2d 33, 46 (1994). The following factors must be taken into consideration: (1) the degree of kinship; (2) the disparity in age, health, mental condition, education, and business experience between the parties; and (3) the extent to which the allegedly servient party entrusted the handling of her business and financial affairs to the "dominant" party and placed trust and confidence in him. *Ransom v. A.B. Dick Co.*, 289 Ill. App. 3d 663, 673 (1997).

■ In this case, the disparity between the parties was not great in

any regard. The plaintiff and the defendant were not related; their age difference was 17 years, but the plaintiff was a 38-year-old woman. The defendant had a college degree, whereas the plaintiff had taken some college courses. Further, the plaintiff did not allege that her mental capacity was not equal to the defendant's or that the defendant controlled her business affairs. The plaintiff alleged that she was looking for a good investment, and the defendant suggested that she invest in his Elgin home. Under the facts alleged, we determine that the plaintiff failed to sufficiently allege a fiduciary relationship. Further, we cannot say that the plaintiff sufficiently established that the defendant breached the purported fiduciary duty. Thus, the trial court properly dismissed count I of the plaintiff's complaint.

Accordingly, we affirm the trial court's dismissal of count I of the plaintiff's complaint titled "Petition for Constructive Trust." We reverse the trial court's dismissal of count II of the plaintiff's complaint titled "Money Had and Received" and remand the cause for further proceedings.

The judgment of the circuit court of Kane County is affirmed in part and reversed in part, and the cause is remanded for further proceedings.

Affirmed in part and reversed in part; cause remanded.

BOWMAN, P.J., and HUTCHINSON, J., concur.