NOTICE
Decision filed 05/15/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 231069-U

NO. 5-23-1069

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| CHARLES M. EVERETT, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 22-LA-1029 |
| | ) | |
| THE CITY OF BELLEVILLE and CASSIDY FREUND, | ) | Honorable |
| | ) | Heinz M. Rudolf, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE BARBERIS delivered the judgment of the court.
Justices Welch and McHaney concurred in the judgment.

**ORDER**

¶ 1     *Held:* The circuit court properly dismissed plaintiff's complaint for failing to allege causes of action for false arrest, deprivation of property, willful and wanton conduct, and violation of the Americans with Disabilities Act where he failed to plead facts showing that defendant police officer lacked probable cause to arrest him. Further, defendants had statutory immunity for all but willful and wanton conduct.

¶ 2     Plaintiff, Charles M. Everett, appeals *pro se* the circuit court's order dismissing his second amended complaint against defendants, the City of Belleville and Cassidy Freund. We affirm.

¶ 3                                    BACKGROUND

¶ 4     Plaintiff's complaint grew out of his December 3, 2022, arrest by Freund, a Belleville police officer, for driving under the influence of alcohol (DUI). Plaintiff's *pro se* complaint

1

appears to allege causes of action for false arrest, unconstitutional deprivation of property, violation of the Americans with Disabilities Act (ADA), and "willful and wanton conduct."

¶ 5 Plaintiff alleged generally that, after Freund stopped his car, she noticed an open beer can in the center console. Plaintiff insisted it was empty. Nevertheless, Freund administered the horizontal gaze nystagmus (HGN) test, which plaintiff failed. Plaintiff alleged that the involuntary jerking of his eyes was due to his paranoid schizophrenia, not intoxication, and that Freund knew this. Nevertheless, Freund arrested him for DUI. The police subsequently towed his car. At the police station, plaintiff was given a breath test that resulted in a reading of .000. Plaintiff was released, as was his car.

¶ 6 Plaintiff alleged that Freund arrested him without probable cause. Moreover, he was arrested solely as a result of his mental illness. This amounted to false arrest and a violation of the ADA. The towing of his car deprived him of his property. Finally, Freund's decision to arrest him despite knowledge of his mental condition was willful and wanton. This was particularly traumatic because he had been having dreams about being shot by the police.

¶ 7 Freund's police report, which plaintiff attached to the complaint, stated the following. She was on routine patrol when she saw that Officer Sells had stopped a vehicle on the side of the road. She saw another vehicle pass the squad car without moving over or slowing down, in violation of Scott's Law (625 ILCS 5/11-907(c)(1), (2) (West 2022)). After ensuring that Sells did not require assistance, she pursued the other vehicle and effected a traffic stop.

¶ 8 As she approached the car, she contacted the driver—plaintiff—who produced an insurance card but no driver's license. She noticed an open beer can next to the center console. Plaintiff said he had been drinking at the "office nightclub" and had just left the office. She asked plaintiff if he had any medical conditions and he responded that he had mental health problems.

2

He agreed to field sobriety tests. She administered the horizontal gaze nystagmus (HGN) test and observed "lack of smooth pursuit in both eyes as well as horizontal gaze nystagmus as maximum deviation but not prior to 45 degrees."

¶ 9 Plaintiff subsequently failed the walk-and-turn and one-leg-stand tests. She arrested plaintiff for DUI and called the dispatcher to have his car towed. An inventory search revealed that the 40-ounce beer can she had previously seen in the cup holder was on the floor behind the driver's seat. After the breath test, plaintiff said he had been diagnosed with schizophrenia for which he had been taking Haldol.

¶ 10 Defendants filed a combined motion to dismiss pursuant to section 2-619.1 of the Code of Civil Procedure (Code). 735 ILCS 5/2-619.1 (West 2022). Pursuant to section 2-615 of the Code (*id.* § 2-615), defendants argued that the complaint did not state a cause of action against defendants because Freund had probable cause to arrest plaintiff. Pursuant to section 2-619(a)(9) of the Code (*id.* § 2-619(a)(9)), defendants argued that pursuant to the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/8-101 *et seq.* (West 2022)), they were liable only for willful and wanton conduct and plaintiff's allegations fell far short of showing such conduct. The circuit court granted the motion and plaintiff appeals.

¶ 11                    ANALYSIS

¶ 12 Plaintiff contends that the court erred in dismissing his complaint. We note that plaintiff's brief fails to comply with Illinois Supreme Court Rule 341(h) in several respects. See Ill. S. Ct. R. 341(h) (eff. Oct. 1, 2020). The rule requires an appellant's brief to contain, *inter alia*, a statement of "Points and Authorities" listing the "points argued and the authorities cited in the Argument." Ill. S. Ct. R. 341(h)(1) (eff. Oct. 1, 2020). It also requires an "[a]rgument, which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages

3

of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Although these are by no means the only violations of the rule, plaintiff's brief contains no points and authorities section. The argument section consists of one sentence with no citation to authority or the record whatsoever. Nevertheless, as we can discern plaintiff's argument that the complaint sufficiently alleged the various causes of action pled and can resolve it with reference to the complaint itself, we choose to do so. However, in doing so, we agree with defendants that the circuit court properly dismissed the complaint.

¶ 13    Defendants contend that the complaint failed to state a cause of action. A motion to dismiss under section 2-615 attacks the legal sufficiency of the complaint (*Barber-Colman Co. v. A&K Midwest Insulation Co.*, 236 Ill. App. 3d 1065, 1068 (1992)) by alleging defects on its face (*Young v. Bryco Arms*, 213 Ill. 2d 433, 440 (2004)). The question is whether, even assuming that all well-pleaded facts in the complaint are true, it states a legally recognized cause of action. *Omega Demolition Corp. v. Illinois State Toll Highway Authority*, 2022 IL App (1st) 210158, ¶ 36. In making this decision, a court must construe the complaint's allegations in the light most favorable to the plaintiff and draw all reasonable inferences in the plaintiff's favor. *Id.* An appellate court reviews *de novo* an order granting a section 2-615 dismissal motion. *Id.*

¶ 14    Illinois is a fact-pleading jurisdiction. Under this standard, a plaintiff must allege facts sufficient to bring a claim within a legally recognized cause of action. *City of Chicago v. Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 368 (2004). Thus, in considering a motion to dismiss, a court must disregard conclusions and look only to well-pleaded facts to determine whether they are sufficient to state a cause of action against the defendant. If not, the motion must be granted, " 'regardless of how many conclusions the count may contain and regardless of whether or not they inform the

4

defendant in a general way of the nature of the claim against him.' " *Id.* at 368-69 (quoting *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 426 (1981)).

¶ 15    Plaintiff's complaint first attempts to plead a cause of action for false arrest. The essential elements of false arrest are (1) the plaintiff was restrained by the defendant and (2) without the defendant having reasonable grounds to believe that the plaintiff committed an offense. *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 474 (1990). In a driving-under-the-influence situation, "reasonable grounds" is synonymous with "probable cause." *People v. Fonner*, 385 Ill. App. 3d 531, 540 (2008).

¶ 16    Plaintiff insists that because the beer can Freund saw was empty, she was aware that he had mental health issues, the jerking of his eyes during the HGN test was based on his schizophrenia rather than intoxication, and he blew a .000 on the breath test, the arrest was improper. Defendants respond that the totality of the circumstances known to Freund at the time gave her probable cause to arrest plaintiff for DUI.

¶ 17    Probable cause to arrest exists when the facts known to the officer at the time of the arrest are sufficient to lead a reasonably cautious person to believe that the arrestee has committed a crime. *People v. Wear*, 229 Ill. 2d 545, 563 (2008). Probable cause deals with probabilities, not certainties. *People v. Hill*, 2020 IL 124595, ¶ 24 (citing *Illinois v. Gates*, 462 U.S. 213, 231-32 (1983)). It is a flexible, commonsense standard that " 'does not demand any showing that such a belief be correct or more likely true than false.' " *Id.* (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983)). Therefore, probable cause does not require an officer to rule out innocent explanations for suspicious facts. *Id.*

¶ 18    Here, the facts known to Freund provided probable cause to arrest plaintiff for DUI. As she approached his vehicle, she saw a large, open beer can in the center console. He admitted he had

5

been drinking at his office, which he had only recently left. And he failed all three field sobriety tests.

¶ 19   Plaintiff makes much of the fact that the beer can was allegedly empty, contending that this abrogated probable cause. However, that the can was empty likely enhanced probable cause to believe that plaintiff was guilty of DUI. Because it is illegal to transport open alcohol containers (625 ILCS 5/11-502 (West 2022)), it is unlikely that someone would keep an empty container in his car unless he had recently consumed it.

¶ 20   Plaintiff insists that his eye movement during the HGN test was the result of his mental illness rather than intoxication. The complaint includes a conclusional allegation that Freund knew this, but no facts to support the conclusion that Freund—who is not alleged to be a trained mental health professional—knew or should have known that plaintiff's eye movements were not the result of intoxication. According to Freund's police report, which the court properly considered (see *Kaiser v. Fleming*, 315 Ill. App. 3d 921, 925 (2000) (for the purpose of a motion to dismiss, exhibits attached to the complaint become part of the complaint and will be considered)), plaintiff only vaguely mentioned having a mental illness. He did not specify what it was or identify specific symptoms. Thus, in combination with the other evidence mentioned, she was justified in concluding that it was evidence of intoxication. Moreover, plaintiff's argument on this point does not account for his failure of the other field-sobriety tests.

¶ 21   Plaintiff further emphasizes that the breath test revealed no alcohol in his system. However, this was not known until after the arrest. Whether probable cause existed for an arrest requires consideration of the facts known to the officer *at the time of the arrest* (*Wear*, 229 Ill. 2d at 563), not what she learns later. Accordingly, plaintiff's complaint contains no well-pleaded facts indicating that he was arrested without probable cause.

6

¶ 22    This conclusion essentially dooms plaintiff's other claims as well. He further claimed that the Belleville police illegally seized his vehicle when it was towed following his arrest. Section 4-203 of the Illinois Vehicle Code permits the police to tow and impound the vehicle when the registered owner is arrested for DUI. 625 ILCS 5/4-203(e), (e-5) (West 2022). Plaintiff cites no case holding that such a temporary seizure is unconstitutional. Plaintiff was properly arrested on suspicion of DUI. As soon as plaintiff was released from custody without being charged with DUI, the vehicle was released as well. Thus, plaintiff pleaded no facts to show that his vehicle was illegally seized.

¶ 23    The complaint also includes allegations under the heading "Willful and Wanton Conduct."

¶ 24    There is no separate and independent tort of willful and wanton conduct. *Krywin v. Chicago Transit Authority*, 238 Ill. 2d 215, 235 (2010). Rather, it is an aggravated form of negligence. *Id.* To recover for a defendant's negligence involving willful and wanton conduct, a plaintiff must allege and prove that the defendant owed the plaintiff a duty and breached the duty, and that the breach proximately caused the plaintiff's injury. *Id.* at 235-36.

¶ 25    Here, given that plaintiff failed to establish that his arrest was improper, it cannot be willful and wanton. Generally, a finding that an officer had probable cause to arrest negates any contention that the officer's conduct in conducting the arrest was willful and wanton. *Ross v. Mauro Chevrolet*, 369 Ill. App. 3d 794, 802 (2006).

¶ 26    Plaintiff's principal contention seems to be that Freund arrested plaintiff despite being aware of his mental illness. As noted, prior to his arrest, plaintiff only vaguely referred to having mental health issues and numerous circumstances provided probable cause to arrest him for DUI.

¶ 27    Plaintiff's final count attempts to plead a cause of action under the ADA. That statute provides that "no qualified individual with a disability shall, by reason of such disability, be

7

excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2018). To establish a violation, a plaintiff must show that "he is a qualified individual with a disability, that he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was by reason of his disability." (Internal quotation marks omitted.) *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015).

¶ 28    Under the ADA, public agencies must make "reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability." 28 C.F.R. § 35.130(b)(7)(i) (2018). To prevail on a reasonable accommodation claim against a municipality, a party must show that (1) he or she is a person with a disability under the ADA, (2) he or she requested a reasonable accommodation for the disability, (3) the accommodation was necessary, and (4) the municipality refused to make the accommodation. *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1225 (11th Cir. 2016). The party asserting the refusal must show he actually requested an accommodation such that the municipality had " 'the ability to conduct a meaningful review of the requested accommodation to determine if such an accommodation is required by law.' " *Schwarz v. City of Treasure Island*, 544 F.3d 1201, 1219 (11th Cir. 2008) (quoting *Prindable v. Ass'n of Apartment Owners of 2987 Kalakaua*, 304 F. Supp. 2d 1245, 1258 (D. Haw. 2003)).

¶ 29    Here, plaintiff's complaint does not plead any of the elements of an ADA action, nor does his appellate brief explain this failure. Initially, it is not clear that an arrest is a "service[ ], program[ ], or activity" for ADA purposes. See *Rosen v. Montgomery County, Maryland*, 121 F.3d 154, 157 (4th Cir. 1997) ("calling a drunk driving arrest a 'program or activity' of the County, the

8

'essential eligibility requirements' of which (in this case) are weaving in traffic and being intoxicated, strikes us as a stretch of the statutory language and of the underlying legislative intent"); but see *Gohier v. Enright*, 186 F.3d 1216, 1221 (10th Cir. 1999) ("a broad rule categorically excluding arrests from the scope of Title II *** is not the law").

¶ 30    In any event, plaintiff did not allege that he had a disability. His vague reference to a mental illness does not establish that he had a qualifying disability. Nor does he allege that he specifically requested an accommodation. In his brief, he does not suggest what accommodation would have been reasonable other than simply not arresting him. He cites no case holding that a person with a disability can simply choose not to be arrested. As defendants point out, such an "accommodation" would not be reasonable. Allowing a person to simply drive away when there was ample evidence to suggest that he was unable to do so—regardless of whether the inability resulted from intoxication or some other reason—would present a danger to both the driver and the general public. Such an "accommodation" can in no way be considered reasonable.

¶ 31    Moreover, plaintiff does not allege facts to show that he was discriminated against in any way. The circumstances known to Freund provided probable cause to arrest him for DUI. There is no indication that plaintiff was specifically targeted because of his mental illness. His appellate brief does not explain how arresting him when there was probable cause to do so somehow discriminated against him.

¶ 32    Finally, we note that the Tort Immunity Act immunizes defendants for all but willful and wanton conduct. Section 2-202 of that statute provides that "[a] public employee is not liable for his act or omission in the execution or enforcement of the law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202 (West 2022). Section 2-109 provides that "[a] local public entity is not liable for an injury resulting from an act or omission of its

9

employee where the employee is not liable." *Id.* § 2-109. Section 1-210, in turn, provides the definition of willful and wanton conduct as "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." *Id.* § 1-210.

¶ 33    We have already found that Freund had probable cause to arrest plaintiff for DUI and that his additional allegations of "willful and wanton conduct" were insufficient. As noted, arresting plaintiff under the circumstances did not show a "conscious disregard" for safety, but rather the opposite: a concern for plaintiff's safety as well as that of the general public.

¶ 34                                    CONCLUSION

¶ 35    For the reasons stated, we affirm the circuit court's judgment.


¶ 36    Affirmed.