3-00-0832

 No. 3--00--0832

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2001 

JESSE M. HATCH, ) Appeal from the Circuit Court

 ) of the 12th Judicial Circuit, 

Petitioner-Appellant, ) Will County, Illinois

 )

v. ) No. 00--MR--330

 ) 

ZENON SZYMANSKI, 
et
 
al.
, )
 Honorable

                                ) Edwin Grabiec,

Respondents-Appellees. ) Judge, Presiding

_________________________________________________________________

JUSTICE HOLDRIDGE delivered the Opinion of the court:

_________________________________________________________________

Jesse Hatch was an inmate in the Stateville Correctional Center when he submitted a 
pro
 
se
 petition asking the court to issue a writ of 
mandamus
.
(footnote: 1)  In his petition, Hatch alleged that Zenon Szymanski, Stateville's superintendent in charge of the prison's industry program, had an official duty to consider Hatch for a job in either the prison's garment shop or furniture shop.  The State moved to dismiss the petition for failure to state a cause of action.  735 ILCS 5/2--615(a) (West 2000).  The circuit court granted the motion.  On appeal, Hatch argues that the court erred by granting the State's motion to dismiss because his petition stated a cause of action for 
mandamus
 relief.  Hatch also asserts, for the first time on appeal, that he is entitled to monetary damages.  We affirm.

BACKGROUND

Szymanski oversaw the Stateville Correctional Center industries program, which consisted of a soap shop, a furniture shop, and a garment shop.  In May 1997, Hatch submitted a written request to Szymanski for a prison job assignment with the program.  In this request, Hatch stated that he had previous wood working experience and that he had worked in the garment shop prior to having been transferred out of Stateville for a period of time.  In July 1997, Hatch spoke with Szymanski, who acknowledged receipt of Hatch's written request and advised him that there was a waiting list of at least two years for jobs in the industries program.

In December 1997, Hatch was placed in disciplinary segregation at the prison and his name was taken off the waiting list for the industries program.  After going through the prison's grievance procedure, Hatch's disciplinary violation was expunged from his record.  However, his name was not placed back on the industries program's waiting list.

Hatch submitted another written grievance requesting a job in the furniture shop or the garment shop in May 1999.  In response, the prison's grievance officer recommended that Hatch's name be placed back on the waiting list in the position it occupied as of May 1997.

Hatch was interviewed by the soap shop's supervisor in November 1999.  He was told that the only position available at that time was as a janitor in the soap shop.  He declined this job offer, claiming that the chemicals used in the soap manufacturing process were harmful to his health because of his allergies and hypertension.

After refusing the janitorial position, Hatch wrote a letter to Szymanski explaining that, although he had been offered this job, he never had expressed an interest in working in the soap shop.  His letter reiterated that he had experience working with wood and had previous experience working in the garment shop.  Hatch again asked that he be considered for a job at either the furniture shop or the garment shop.  Szymanski did not respond to this letter.

On May 5, 2000, Hatch petitioned the circuit court 
pro
 
se
 for a writ of 
mandamus
 to require Szymanski to follow the prison's administrative procedures and to hire him in either the furniture shop or the garment shop.  On August 24, 2000, the State filed a motion to dismiss the petition for failure to state a cause of action.  The record does not include a transcript or any other account of the hearing on the motion to dismiss.  In the court's order, dated September 28, 2000, the judge indicated that after a hearing on the matter, the State's motion was granted and Hatch's petition was dismissed.  It is from this judgment that Hatch appeals.

Additional facts will be discussed as they pertain to individual issues.

ANALYSIS

I. Motion to Dismiss

A party to a civil action may raise objections to a pleading and move that the court dismiss the action.  735 ILCS 5/2--615(a) (West 2000).

The issue presented by a section 2--615 motion to dismiss for failure to state a cause of action is whether the petitioner has alleged sufficient facts in the petition that, if proved, would entitle the petitioner to relief.
  All well-pleaded facts in the petition are to be taken as true, but any conclusions drawn from the facts as alleged should be disregarded by the trial court. 
 A motion to dismiss should be granted by the trial court only if the petitioner can prove no set of facts to support the cause of action asserted.  An appellate court must assess the petition in the light most favorable to the non-moving party under 
de
 
novo
 review. 
 
Kaiser v. Fleming
, 315 Ill. App. 3d 921, 735 N.E.2d 144 
(2000).

Mandamus
 relief is an extraordinary remedy to enforce, as a matter of right, the performance of official duties by a public official where the official is not exercising discretion.  A court will not grant a writ of 
mandamus
 unless the petitioner can demonstrate a clear, affirmative right to relief, a clear duty of the official to act, and clear authority in the official to comply with the writ.  The writ will not lie when its effect is to substitute the court's judgment or discretion for the official's judgment or discretion.  
Mandamus
 relief, therefore, is not appropriate to regulate a course of official conduct or to enforce the performance of official duties generally.  
Givot v. Orr
, 321 Ill. App. 3d 78, 746 N.E.2d 810 
(2001).  An exception to this general rule, however, is that 
mandamus
 will lie to prevent a clear abuse of discretion or to control the exercise of discretion in a manner consistent with the applicable rule of law.  
People ex rel. Collins v. Young
, 83 Ill. App. 2d 312, 227 N.E.2d 524 
(1967).

The Illinois Department of Corrections (DOC) shall, in so far as possible, employ prison inmates at useful work.  730 ILCS 5/3--12--1 (West 2000).  The DOC may establish and maintain industries in which inmates may be trained and employed.  730 ILCS 5/3--12--2 (West 2000).  The DOC shall establish industrial production at its institutions to secure the most practical and efficient use of labor.  The office in charge of industrial production shall assign its personnel to direct the production of goods and shall employ inmates assigned by the prison's chief administrative officer.  730 ILCS 5/3--12--6 (West 2000).

The prison's chief administrative officer may designate an assignment officer to make recommendations concerning program assignments.  20 Ill. Adm. Code §420.20 (2001).  All recommendations made by an assignment officer are subject to review and approval by the chief administrative officer.  20 Ill. Adm. Code §420.30(g) (2001).  According to a DOC administrative directive, the Industry Supervisor is responsible for selecting inmates for work in an industry program "subject to the referral of the Institutional Assignment Officer."

In the instant case, Szymanski was the supervisor of Stateville's industry program.  Accordingly, he was responsible for selecting inmates for Stateville's industry program subject to referral from an assignment officer.  The assignment officer's recommendation, in turn, was subject to the review and approval of the prison's chief administrative officer.  Given this hierarchical structure, Szymanski was not under an official duty to hire Hatch at the industry program's furniture shop or garment shop.  Szymanski was not even under a duty to consider Hatch for such a job.  Selecting inmates for the industry program was a discretionary, not a mandatory, decision in Szymanski's official capacity as industry supervisor.  The record does not indicate that Szymanski abused his discretion or misapplied the law concerning the exercise of that discretion.

Hatch was offered a position in the industries program as a janitor at the soap shop, which he turned down for medical reasons.  The record does not include a medical report concerning Hatch's allegation that he suffers from allergies and hypertension.  Offering Hatch this janitorial position was a matter of discretion on Szymanski's part, not a mandatory official duty in his official capacity as the Industries Supervisor.

Hatch also asserts that a 1978 consent decree from the United States District Court for the Southern District of Illinois created a duty that Szymanski consider him for a job at the furniture shop or the garment shop.  The consent decree stated that the DOC must not discriminate in its hiring practices against inmates "on the basis of race, color, religion or national origin."

Hatch contends that because he is an African-American inmate, the language of the consent decree created a duty that Szymanski consider him for a job in which he expressed an interest.  However, Hatch does not assert that Szymanski discriminated against him on the basis of race, color, religion, or national origin by not offering him a job in either the furniture or the garment shop.  Accordingly, Hatch has failed to show that Szymanski did not discharge his official duties under the consent decree.

In his petition for a writ of 
mandamus
, Hatch failed to allege facts sufficient to establish a 
mandamus
 cause of action
.  Taking the facts in the light most favorable to Hatch, he can prove no set of facts to support a cause of action for 
mandamus
 relief.  Therefore, we hold as a matter of law that the circuit court did not err by granting the State's motion to dismiss Hatch's petition.

II. Damages

Issues not raised in the lower court are waived and may not be raised for the first time on appeal.  
Ikpoh v. Zollar
, 321 Ill. App. 3d 41, 746 N.E.2d 776 
(2001).  In this case, Hatch did not ask for damages in his petition.  Nothing in the record indicates that he sought damages during any court proceeding below.  Therefore, his request for damages is waived.

In a 
mandamus
 proceeding, damages are not allowed unless the trial court issues the writ
.  
In re Marriage of Rossi
, 113 Ill. App. 3d 55, 446 N.E.2d 1198
 (1983).  In this case, we have held that the circuit court correctly dismissed Hatch's petition for 
mandamus
 relief.  Therefore, even if Hatch's claim was not waived, we would hold that he was not entitled to damages.

CONCLUSION

For the foregoing reasons, we affirm the ruling of the Will County circuit court.

Affirmed.

BRESLIN and MCDADE, JJ., concur.

FOOTNOTES
1: In his petition, Hatch named Szymanski and the Stateville Correctional Center Industries Program as respondents.  Szymanski was served with process, but the return of service form indicates that process was not served on the Stateville Correctional Center.  In the line on the form reserved for remarks is written, "improper service - no individual named."