NO. 4-00-0960

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

JAMES C. CARUTH,

Plaintiff-Appellant,

v.

TAMELA QUINLEY and JERRY D. GILMORE,

Defendants-Appellees.

)

)

)

)

)

)

)

)

Appeal from

Circuit Court of

Livingston County

No. 00MR51

Honorable

Harold J. Frobish,

Judge Presiding.

_________________________________________________________________

JUSTICE STEIGMANN delivered the opinion of the court:

In May 2000, plaintiff, James C. Caruth, an inmate at Tamms Correctional Center (Tamms), filed a petition for a writ of 
mandamus
, in which he (1) alleged that disciplinary proceedings at Pontiac Correctional Center (Pontiac) were held in violation of the applicable Department of Corrections (DOC) administrative guidelines, and (2) requested that the trial court compel defendants, Tamela Quinley, chairman of the DOC adjustment committee, and Jerry D. Gilmore, chief administrative officer at Pontiac, to expunge his disciplinary record and restore to him certain benefits and credits that had been revoked as a result of those proceedings.  

Defendants filed a motion to dismiss plaintiff's petition, and in September 2000, the trial court granted that motion following a hearing conducted by telephone conference call with plaintiff's counsel and defendants' attorney.  The court later dismissed plaintiff's motion for reconsideration.  

Plaintiff appeals, arguing that the trial court abused its discretion by dismissing his 
mandamus
 petition.  We affirm.

I. BACKGROUND

The record shows that following adjustment committee hearings under Title 20, section 504.80, of the Illinois Administrative Code (Administrative Code) (20 Ill. Adm. Code §504.80 (Conway Greene CD-ROM June 2002)), plaintiff was found guilty of disciplinary infractions as follows:  one in 1996, seven in 1997, and one in 1998.  In May 2000, plaintiff filed his amended 
mandamus
 petition
, alleging that the disciplinary proceedings at Pontiac had not been held in conformity with applicable DOC administrative guidelines.  Specifically, he alleged that he had been denied his right to due process (1) when the adjustment committee did not call his witnesses or accept his "exonerative evidence," and (2) in that the adjustment committee's summary reports of his disciplinary proceedings provided insufficient statements of the bases for finding him guilty.  As relief, plaintiff requested that defendants be compelled to do the following:  (1) expunge his disciplinary records; (2) award him segregation credit totaling 19 months and 15 days; (3) award him 31 months of C-grade credits served; and (4) reinstate three months of good-time credit.

Later that month, the trial court 
sua
 
sponte
 appointed the Livingston County public defender to represent plaintiff.  In July 2000, defendants filed a motion to dismiss plaintiff's petition, pursuant to section 2-619(a)(9) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9) (West 2000)).  A docket entry shows that in September 2000, the court conducted a hearing by telephone conference call with plaintiff's counsel and defendants' attorney, after which the court granted the defendants' motion to dismiss and vacated the public defender's appointment.  Neither a transcript nor a bystander's report of that hearing is included in the record.

The trial court's September 1, 2000, docket entry states, in pertinent part, as follows:

   "[T]he court finds that the [plaintiff] has not exhausted his administrative remedies prior to filing his 
mandamus
 action; the court further finds that the record does not support the contention of the plaintiff that there was a failure to call witnesses as argued; the court further finds that the [plaintiff] failed to request witnesses as required of him; the court finds that the [plaintiff] has not established a clear right to the relief that he seeks and that, therefore, 
mandamus
 does not lie."

In October 2000, plaintiff filed a motion for reconsideration, which the trial court denied.  This appeal followed.

II. ANALYSIS

Plaintiff argues that the trial court abused its discretion by dismissing his 
mandamus
 petition.  Specifically, he contends that (1) the trial court erroneously found that he (a) had not exhausted his administrative remedies and (b) had not properly requested witnesses; and (2) his due process rights were violated by the adjustment committee's failure to call his witnesses and state the bases for its findings of guilt.  Defendants reply that the trial court properly dismissed plaintiff's petition because (1) plaintiff failed to show a clear right to the relief requested, (2) his petition was untimely, and (3) he failed to exhaust administrative remedies.  We agree with defendants.

We review 
de
 
novo
 the granting of a section 2-619 motion to dismiss.  
Nowak v. St. Rita High School
, 197 Ill. 2d 381, 389, 757 N.E.2d 471, 477 (2001).  The dissent contends that the State's motion to dismiss should have been brought under section 2-615 of the Code, not section 2-619(a)(9), because a section 2-615 motion challenges a complaint for failing to state a cause of action, while a 2-619(a)(9) motion admits the legal sufficiency of a complaint but asserts that it is barred by some affirmative matter.  735 ILCS 5/2-615, 2-619(a)(9) (West 2000).  Because defendants' motion to dismiss here asserted that the complaint failed to state a cause of action, the dissent is correct that the defendants' motion came under the wrong section.  "Nevertheless, a dismissal pursuant to section 2-619 may be affirmed on any grounds which are called for by the record regardless of whether the circuit court relied on those grounds or whether the circuit court's reasoning was correct."  
Wright v. City of Danville
, 174 Ill. 2d 391, 399, 675 N.E.2d 110, 115 (1996).  

"
Mandamus
 relief is an extraordinary remedy to enforce, as a matter of right, the performance of official duties by a public official where the official is not exercising discretion.  A court will not grant a writ of 
mandamus
 unless the petitioner can demonstrate a clear, affirmative right to relief, a clear duty of the official to act, and clear authority in the official to comply with the writ.  The writ will not lie when its effect is to substitute the court's judgment or discretion for the official's judgment or discretion.  
Mandamus
 relief, therefore, is not appropriate to regulate a course of official conduct or to enforce the performance of official duties generally."  
Hatch v. Szymanski
, 325 Ill. App. 3d 736, 739, 759 N.E.2d 585, 588 (2001).  

A. Plaintiff's Right to Relief

Plaintiff contends that the trial court abused its discretion by dismissing his 
mandamus
 petition because defendants violated DOC administrative guidelines and his due process rights when, in disciplinary proceedings, they (1) failed to call his witnesses and prevented him from introducing documentary evidence; and (2) failed to state the evidence supporting the adjustment committee's guilty findings.  According to plaintiff, these alleged violations of DOC rules and the United States Constitution entitle him to expungement of his disciplinary records and restoration of various benefits and credits.  We disagree. 

"Due process requires only that the inmate receive (1) advance written notice of the disciplinary charges at least 24 hours prior to hearing; (2) when consistent with institutional safety and correctional goals, an opportunity to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action."  
Durbin v. Gilmore
, 307 Ill. App. 3d 337, 343, 718 N.E.2d 292, 297 (1999).  

DOC rules provide that prior to a hearing before the adjustment committee, an inmate may make a written request that witnesses be interviewed.  The inmate must set out his request in the space provided on the disciplinary report, and he must include an explanation of what the witnesses would state.  20 Ill. Adm. Code §504.80(f)(2) (Conway Greene CD-ROM June 2002).  Section 504.80(h)(3) of the Administrative Code further provides that inmates shall be provided with a means for submitting "witness request slips" (20 Ill. Adm. Code §504.80(h)(3) (Conway Greene CD-ROM June 2002)).  At a hearing before the adjustment committee, the inmate may make any relevant statement or produce any relevant documents in his defense (20 Ill. Adm. Code §504.80(f)(1) (Conway Greene CD-ROM June 2002)).  "The [a]djustment [c]ommittee shall consider any statements of witnesses with relevant knowledge of the incident who are reasonably available."  20 Ill. Adm. Code §504.80(h) (Conway Greene CD-ROM June 2002).  However, the adjustment committee may disapprove witness requests not received prior to the hearing (20 Ill. Adm. Code §504.80(h)(3) (Conway Greene CD-ROM June 2002)) and may deny witness requests if the witness's testimony would be irrelevant, cumulative, or would jeopardize the safety or disrupt the security of the facility, among other reasons (20 Ill. Adm. Code §504.80(h)(4) (Conway Greene CD-ROM June 2002)).

The record before us includes adjustment committee summary reports memorializing each of the plaintiff's disciplinary hearings.  Those reports show that in two of the nine disciplinary hearings at issue, plaintiff requested witnesses (the November 28, 1997, and January 14, 1998, hearings).  The report of the November 28, 1997, hearing indicates that plaintiff's witnesses were called, and the report of the January 14, 1998, hearing shows that plaintiff's witness was not called because plaintiff had failed to provide specific information regarding what the witness could testify to.  The record also contains photocopies of handwritten requests for witnesses relating to each of plaintiff's disciplinary proceedings, but we have no way of knowing whether those requests were timely submitted or to whom they were submitted.  The summary reports show that no witnesses were requested by plaintiff.  In addition, the record contains no evidence supporting plaintiff's claim that he sought to introduce documentary evidence but was denied that opportunity.  (Notably absent from the record is any evidence that plaintiff filed a grievance, pursuant to section 3-8-8 of the Unified Code of Corrections (730 ILCS 5/3-8-8 (West 2000)) or that Gilmore agreed to enter an expungement order, facts plaintiff alleges for the first time on appeal.)

This record does not clearly show plaintiff's right to expungement of his disciplinary record or a duty on defendants' part to take such action.  Nor does the record show that defendants failed to comply with DOC guidelines or violated plaintiff's constitutional rights.  Plaintiff's contention that the adjustment committee failed to state the bases for its guilty findings is belied by the record.  On each summary report, a reason for the adjustment committee's finding of guilt is stated.  Moreover, pursuant to DOC guidelines, the decision not to interview an inmate's witnesses is a matter resting in the discretion of the adjustment committee.  
Mandamus
 does not afford a means to challenge or reverse an official's discretionary acts.  See 
Helm v. Washington
, 308 Ill. App. 3d 255, 257, 720 N.E.2d 326, 328 (1999) ("
Mandamus
 is an extraordinary remedy that may be used only to compel a public official or body to perform a ministerial duty in which the official exercises no discretion"); 
Hatch
, 325 Ill. App. 3d at 739, 759 N.E.2d at 588 ("
Mandamus
 relief *** is not appropriate to regulate a course of official conduct or to enforce the performance of official duties generally").  We therefore conclude that plaintiff failed to state a clear right to the desired relief because the affirmative matters raised by defendants, namely that plaintiff failed to exhaust his administrative remedies and that his petition was time-barred, defeat plaintiff's claims.  

Although we agree with all of defendants' additional arguments in support of the trial court's judgment, because we conclude that the trial court properly dismissed plaintiff's petition for failing to state a clear right to relief, we need not address the other grounds upon which the court's order could be affirmed.  

Nevertheless, we are compelled to note that plaintiff filed his 
mandamus
 petition in April 2000 complaining of defendants' conduct at hearings in 1996, 1997, and January 1998.  A complaint for 
mandamus
 must be brought within six months unless there is a reasonable explanation for delay.  
Richter v. Collinsville Township
, 97 Ill. App. 3d 801, 804, 423 N.E.2d 549, 552 (1981).  Plaintiff offers no explanation for the untimeliness of his petition nor does our review of the record reveal one.

III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

MYERSCOUGH, J., concurs.

COOK, J., dissents.

JUSTICE COOK, dissenting:

I respectfully dissent.

Plaintiff, a DOC inmate, filed an amended petition for 
mandamus
, alleging that DOC failed to comply with its regulations allowing him to call witnesses at his administrative disciplinary hearings.  The trial court 
sua
 
sponte
 appointed the Livingston County public defender to represent plaintiff.  Defendants then filed a section 2-619(a)(9) motion to dismiss, alleging that plaintiff failed to exhaust his administrative remedies, he established no clear right to the relief he sought, his petition was time-barred, and his petition was barred by 
laches
.  On September 1, 2000, the trial court conducted a hearing by telephone conference call with the public defender and defendants' attorney, granted the motion to dismiss, and immediately vacated the public defender's appointment.  Plaintiff's brief states he never asked for the appointment of an attorney, he never received a copy of the motion to dismiss, and the public defender never told him about it or spoke with him about it.  Nothing in the record refutes plaintiff's allegations. 

Appointment of counsel, while not required, is sometimes appropriate to ensure that prisoners have meaningful access to the courts.  
Tedder v. Fairman
, 92 Ill. 2d 216, 225, 441 N.E.2d 311, 314-15 (1982).  Where appointed counsel fails to exercise due diligence in proceeding with the case, however, the complaint should not be dismissed, and the cause will be remanded to allow plaintiff to amend to attempt to state a cause of action.  
Tedder
, 92 Ill. 2d at 227, 441 N.E.2d at 316.  

A section 2-619(a)(9) motion admits the legal sufficiency of plaintiff's complaint and goes on to suggest that the claim asserted is barred by other affirmative matter.  
Kedzie & 103
rd Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 115, 619 N.E.2d 732, 735 (1993).  Defendant may not prevail on a section 2-619(a)(9) motion without establishing some affirmative matter which defeats the claim; simply negating the allegations of the plaintiff's complaint is not sufficient.  
Kedzie
, 156 Ill. 2d at 115, 619 N.E.2d at 735.  

The majority affirms because it concludes "that the trial court properly dismissed plaintiff's petition for failing to state a clear right to relief."  Slip op. at 9.  The majority's action is contrary to established law.  The section 2-619(a)(9) motion filed here admitted the legal sufficiency of plaintiff's complaint.  

Despite the majority's suggestion that 
mandamus
 does not afford a means to challenge or reverse an official's discretionary acts, in particular "the decision not to interview an inmate's witnesses" (slip op. at 8), a number of cases have recognized that 
mandamus
 is an appropriate remedy to force DOC to comply with its rules regarding administrative disciplinary hearings, particularly the rules allowing the inmate to call witnesses.  
Tedder
, 92 Ill. 2d at 227, 441 N.E.2d at 316; 
Durbin
, 307 Ill. App. 3d at 343, 718 N.E.2d at 297; 
West v. Gramley
, 262 Ill. App. 3d 552, 557, 634 N.E.2d 1261, 1265 (1994) ("We have previously recognized prisoners may file a complaint for 
mandamus
 to compel DOC officials to perform as required under the rules adopted by the DOC").  At the adjustment committee hearing, "[t]he committed person may make any relevant statement or produce any relevant documents in his or her defense."  20 Ill. Adm. Code §504.80(f)(1) (Conway Greene CD-ROM June 2002).  "The [a]djustment [c]ommittee shall consider any statements of witnesses with relevant knowledge of the incident who are reasonably available."  20 Ill. Adm. Code §504.80(h) (Conway Greene CD-ROM June 2002).  These rules are mandated by due process, which requires that when consistent with institutional safety and correctional goals, the inmate receive an opportunity to call witnesses and present documentary evidence in his defense.  
Durbin
, 307 Ill. App. 3d at 343, 718 N.E.2d at 297.     

The majority also discusses the evidence in this case, concluding that in one case plaintiff's witnesses were in fact called, and that in another case the witnesses were properly not called.  Slip op. at 7.  The majority suggests that plaintiff's requests for witnesses were not properly submitted because "we have no way of knowing whether those requests were timely submitted or to whom they were submitted."  Slip op. at 7-8.  The majority concludes there is no support for plaintiff's claim that he sought to introduce documentary evidence but was denied that opportunity.  Slip op. at 8.  This analysis is inappropriate on a section 2-619 motion (or for that matter, a section 2-615 motion).  Simply negating the allegations of the plaintiff's complaint is not sufficient to prevail on a section 2-619 motion.  
Kedzie
, 156 Ill. 2d at 115, 619 N.E.2d at 735.  Complaining that there is no support for an allegation does not amount even to negating the allegations.  The movant has the burden of proof on a section 2-619 motion.  If the court has no way of knowing whether the allegations of the complaint or the motion are untrue, the motion should be denied.   

The allegations in the section 2-619(a)(9) motion to dismiss that plaintiff failed to exhaust his administrative remedies and that his petition was time-barred do suggest "affirmative matter" which might defeat plaintiff's claim and warrant the granting of the motion.  Such allegations might constitute those "easily proved issues of fact" independent of the overall merits of the case, which are appropriately decided at the outset of the case under section 2-619.  
People v. Philip Morris, Inc.
, 198 Ill. 2d 87, 94, 759 N.E.2d 906, 911 (2001); 
Byron Dragway, Inc. v. County of Ogle
, 326 Ill. App. 3d 70, 76, 759 N.E.2d 595, 601 (2001).  However, plaintiff was entitled to present "affidavits or other proof denying the facts alleged or establishing facts obviating the grounds of defect."  735 ILCS 5/2-619(c) (West 2000).  In some cases plaintiff might even be entitled to present evidence.  735 ILCS 5/2-619(c) (West 2000).  Plaintiff in this case, who was not even informed of the motion, was denied those rights, and the dismissal of the complaint should be reversed and remanded.

This case and other cases now before our court present the question whether a 
mandamus
 action is ever appropriate in this factual setting.  If it is not, we should say so.  Assuming 
mandamus
 is sometimes appropriate, the question is presented whether the summary procedures adopted by the trial court and by this court effectively separate the meritorious cases from those which are frivolous.  I suggest they do not.    

The majority mischaracterizes my dissent.  I do not suggest that defendants' motion to dismiss should have been brought under section 2-615 and not under section 2-619.  Dismissal of a case under section 2-615 is not a satisfactory way to summarily terminate disfavored litigation:  (1) such dismissal is proper only if it clearly appears that no set of facts can be proved under the pleadings which will entitle the plaintiff to recover (
People ex rel. Ryan v. Telemarketing Associates, Inc.
, 198 Ill. 2d 345, 351, 763 N.E.2d 289, 293 (2001)) and (2) plaintiff is generally entitled to amend after a section 2-615 dismissal
 (see 
Mason v. Snyder
, No. 4-01-0878, slip op. at 24 (August 1, 2002), ___ Ill. App. 3d ___, ___, ___ N.E.2d ___, ___ (Cook, J., dissenting)).  Section 2-619, on the other hand, is a way to summarily terminate litigation.  Section 2-619 provides a means for deciding easily proved issues of fact, independent of the overall merits of the case, at the outset of the case.  

As the majority now appears to concede, a section 2-619 dismissal cannot be sustained here because plaintiff was never given the opportunity to respond to the affirmative matter raised in the motion.  A section 2-615 dismissal cannot be sustained because complaints alleging that DOC failed to comply with its rules regarding administrative disciplinary hearings, resulting in a revocation of an inmate's good-time credit, generally state a good cause of action in 
mandamus
.  If it is the majority's position that a cause of action could be stated, but plaintiff has not used the right language to do so, plaintiff must be given leave to amend.  

There is a logical progression to motions in civil cases.  It is unusual to summarily terminate a civil case at an early stage, without leave to amend and without any opportunity to determine the facts.  If we choose to apply special rules of practice and procedure to cases brought by inmates, we should not pretend that we are following the established rules.