Linda CALDWELL, Petitioner–Appellant,

v.

Alyssa B. WILLIAMS,* Respondent–Appellee.

No. 03–2165.

United States Court of Appeals, Seventh Circuit.

---

* Alyssa B. Williams, the warden of the Dwight Correctional Center (where Caldwell is presently confined), has been substituted for Lynn

Submitted Feb. 9, 2004.**

Decided Feb. 12, 2004.

Linda A. Caldwell, pro se, Dwight, IL, for Petitioner–Appellant.

Russell Kenneth Benton, Office of the Attorney General, Chicago, IL, for Respondent–Appellee.

Before POSNER, EASTERBROOK, and WILLIAMS, Circuit Judges.

---

Cahill–Masching as respondent. *See* Fed. R.App. P. 43(c)(2).

** After an examination of the briefs and the record, we have concluded that oral argu-

**ORDER**

Illinois inmate Linda Caldwell comes before this court once again to appeal the denial of her petition for a writ of habeas corpus challenging the outcome of several disciplinary proceedings. We affirmed the dismissal of her first petition for failure to exhaust her state remedies, *Caldwell v. Cahill–Masching,* 19 Fed.Appx. 411 (7th Cir.2001) (unpublished order), and Caldwell refiled after seeking relief in state court. The district court again dismissed her petition, this time because she procedurally defaulted her claims for failure to seek their timely review in state court. We affirm.

This protracted litigation began in September 2000, when a prison disciplinary board found Caldwell guilty of violating prison rules and punished her with the loss of good-time credits. Caldwell petitioned for a writ of habeas corpus in federal district court seeking review of the board's decision. The court dismissed her petition without prejudice because she had failed to exhaust her state court remedies by seeking a writ of mandamus from an Illinois court. *See* 28 U.S.C. § 2254(b). Caldwell did not heed the district court's suggestion of petitioning the state court for mandamus, and instead appealed the district court's ruling to this court. We affirmed and Caldwell's request for review in the United States Supreme Court was denied.

Caldwell finally petitioned the state court for a writ of mandamus in March 2002. The Illinois circuit court, however, returned her papers along with a handwritten note stating that her submissions were "so far removed from stating a cause

ment is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

of action in mandamus" that they had to be returned. Caldwell maintains that she attempted to appeal the court's action to an Illinois appellate court but was apparently told that there was nothing to appeal. She then petitioned the Illinois Supreme Court for a writ of mandamus, which that court denied.

Caldwell then refiled a petition for habeas corpus. The district court again dismissed her petition without prejudice for failure to exhaust state court remedies, but invited Caldwell by way of response to a "motion for reconsideration" to address whether she could demonstrate cause for and prejudice from the failure to exhaust. Caldwell's reply described her circuitous route through the state system, asserting that the prison law librarian wrongly advised her that she need not petition for mandamus before petitioning for a writ of habeas corpus. Although the court was now persuaded that she had exhausted her state court remedies, the court concluded that she procedurally defaulted her claims by failing to seek timely review of them in state court. The court rejected her proffered reason as sufficient cause for default and noted that she provided no reason to believe that her convictions were a fundamental miscarriage of justice. The court accordingly dismissed her petition with prejudice.

On appeal Caldwell does not appear to dispute the district court's finding that she procedurally defaulted her claims, and we agree that she has done so. See Coleman v. Thompson, 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); Edwards v. Carpenter, 529 U.S. 446, 452–53, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). Her brief on appeal only tangentially addresses the district court's cause and prejudice analysis, for she inexplicably chooses to focus instead on the legal standard—"reasonable explanation for delay"—used by Illinois courts when asked to excuse an untimely petition for mandamus. See Caruth v. Quinley, 333 Ill.App.3d 94, 266 Ill.Dec. 662, 775 N.E.2d 224, 228 (2002) (statute of limitations on petition for mandamus is six months absent "reasonable explanation for delay"). But even construing her arguments as an attempt to demonstrate cause for default, we agree with the district court that she has not met her burden. Caldwell argues that she lacked physical access to the law library so she had to rely on a prison librarian's erroneous advice. But the district court advised her to file a petition for a writ of mandamus more than two years before she actually did so; her decision to ignore the court's advice and proceed in another fashion cannot now excuse her default. See Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (cause defined as external objective impediment); Barksdale v. Lane, 957 F.2d 379, 385–86 (7th Cir.1992) (failure to act or think like lawyer cannot be cause). Further, Caldwell has not presented a credible reason to conclude that she is actually innocent and that her prison disciplinary convictions were a fundamental miscarriage of justice. See Murray, 477 U.S. at 496; Dellinger v. Bowen, 301 F.3d 758, 767 (7th Cir.2002).

As a final matter, we decline Illinois's invitation to revisit our holding in Walker v. O'Brien, 216 F.3d 626 (7th Cir.2000).

The judgment of the district court is AFFIRMED.