NO. 4-04-0974

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

TYLER MORRIS, a Minor, by MARK MORRIS and CYNTHIA MORRIS, His Parents and Next Friends; and MARK MORRIS and CYNTHIA MORRIS, Individually,

          Plaintiffs-Appellants,

          v.

JOHN D. WILLIAMS; SHERI J. WILLIAMS; KEVIN W. WILLIAMS; KRISTLE WILLIAMS; and COVERED BRIDGE ACRES ASSOCIATION, INC.,

          Defendants,

          and

BART WILSON,

          Defendant-Appellee.

)

)

)

)

)))))

)

)

)

)

)

Appeal from

Circuit Court of

Sangamon County

No. 01L360

Honorable

Steven H. Nardulli, 

Judge Presiding.

_________________________________________________________________

JUSTICE APPLETON delivered the opinion of the court:

Plaintiffs, Tyler Morris, a minor, by Mark Morris and Cynthia Morris, his parents and next friends, and Mark and Cynthia Morris, individually, brought an action against defendants, John D. Williams, Sheri J. Williams, Kevin W. Williams, Kristle Williams, the Covered Bridge Acres Association, Inc. (Association), and Bart Wilson, to recover for personal injuries Tyler sustained as the result of an accident on his all-terrain vehicle (ATV).  In October 2004, the trial court granted Wilson's motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-619 (West 2002)) and granted summary judgment in favor of all other defendants. 

Plaintiffs appeal, arguing the trial court erred in granting Wilson's section 2-619 motion to dismiss when he willfully or maliciously failed to guard or warn against a dangerous condition on his leased property.  We affirm.   

I. BACKGROUND

On September 29, 2001, Wilson harvested soybeans in two fields he leased from the Williamses and which were located next to the Covered Bridge Subdivision in Sangamon County, Illinois.  While working in the larger of the two fields, Wilson discovered a hole created by erosion from a drainage tile that serviced the Covered Bridge Subdivision.  Wilson left the area of the hole and its immediate surroundings unharvested so as not to damage his combine and to serve as a visual reminder.  As a result, soybeans were left standing in and around the hole while the remainder of the field was harvested. 

On the same day, Tyler, then 13 years of age, drove an ATV through the recently harvested field.  While in the field, Tyler intentionally drove his ATV at approximately 30 miles per hour (mph) into the section of unharvested soybeans in which the hole was located.  Upon driving into the soybeans, Tyler hit the hole and wrecked his ATV.  As a result of the accident, Tyler suffered a broken leg.  Neither the Williamses nor Wilson had granted Tyler permission to enter the field. 

In November 2001, plaintiffs initially brought suit to recover for Tyler's injuries against only the Williamses.  However, throughout the course of litigation they filed five amended complaints and additionally sought recovery from the Association and Wilson.  Plaintiffs' fifth-amended complaint alleged nuisance claims against all defendants, willful and wanton failure to guard or warn against the Williamses and Wilson, and negligence claims against the Association.  Specifically relevant to this appeal, plaintiffs alleged Wilson's actions were willful and wanton, in that (1) by leaving soybeans surrounding the hole he concealed its existence, (2) he repaired the hole 6 to 12 times prior to the date of the accident in such a manner as to ensure its persistence, and (3) he failed to warn or guard against children becoming involved with or playing near the hole. 

The Williamses and the Association filed combined motions to dismiss and motions for summary judgment (735 ILCS 5/2-619.1 (West 2002)), and Wilson filed a section 2-619 motion to dismiss (735 ILCS 5/2-619 (West 2002)).  On October 5, 2004, the trial court entered an order granting "summary judgment to all defendants on all counts."  Relevant to this appeal, the court stated "no reasonable juror could correctly conclude that the conduct of *** Wilson is either willful or malicious."  Additionally, it concluded that simply because Tyler's actions may have been foreseeable does not necessarily mean Wilson's conduct was willful or malicious.  

On October 22, 2004, the trial court entered an order clarifying its October 5 order because it had granted summary judgment in Wilson's favor when he had not so moved.  The court's October 22 order granted Wilson's section 2-619 motion to dismiss, stating its decision was based on the same reasoning outlined in its October 5 order. 

This appeal followed. 

II. ANALYSIS

On appeal, plaintiffs argue the trial court erred by dismissing their cause of action against defendant Wilson.  Specifically, they contend that a reasonable juror could find that Wilson willfully or maliciously failed to guard against or warn of a dangerous condition on his leased property pursuant to section 11-1427(g) of the Illinois Vehicle Code (Vehicle Code) (625 ILCS 5/11-1427(g) (West 2002)).

A. Standard of Review

Appeals from dismissals pursuant to sections 2-615 (735 ILCS 5/2-615 (West 2002)) and 2-619 (735 ILCS 5/2-619 (West 2002)) of the Civil Code are subject to 
de
 
novo
 review.  
Rogalla v. Christie Clinic, P.C.
, 341 Ill. App. 3d 410, 413, 794 N.E.2d 384, 388 (2003).  Additionally, "[t]he question presented by a motion to dismiss a complaint for failure to state a cause of action is whether sufficient facts are contained in the pleadings which, if established, could entitle the plaintiff to relief."  
Feltmeier v. Feltmeier
, 207 Ill. 2d 263, 267, 798 N.E.2d 75, 79 (2003). 

Relevant to this appeal, paragraph 3 of Wilson's section 2-619 motion to dismiss states that counts II and IV of plaintiffs' fifth-amended complaint "do not state a cause of action upon which recovery may be obtained for willful and wanton misconduct, nor are there a set of facts upon which such a cause of action can be maintained."  For purposes of clarity, we note paragraph 3 of Wilson's motion to dismiss was not properly brought under section 2-619.  

Although Wilson's section 2-619 motion to dismiss did not state under which subsection it was being brought, a review of section 2-619 reveals that the only possibility is subsection (a)(9), which provides grounds for dismissal where the asserted claim is barred by an "affirmative matter avoiding the legal effect of or defeating the claim."  735 ILCS 5/2-619(a)(9) (West 2002).  This court has previously held that "a section 2-615 motion challenges a complaint for failing to state a cause of action, while a section 2-619(a)(9) motion admits the legal sufficiency of a complaint but asserts that it is barred by some affirmative matter."  
Caruth v. Quinley
, 333 Ill. App. 3d 94, 97, 775 N.E.2d 224, 226 (2002).  Thus, paragraph 3 of Wilson's motion to dismiss should have been brought pursuant to section 2-615 (735 ILCS 5/2-615 (West 2002)).   

Nevertheless, plaintiffs do not argue on appeal that Wilson's motion to dismiss was brought under the wrong section of the Civil Code.  Further, a decision to grant a motion to dismiss that should have been brought under section 2-615 but was instead brought pursuant to section 2-619 may nonetheless be upheld by a reviewing court "on any grounds which are called for by the record regardless of whether the [trial] court relied on those grounds or whether the [trial] court's reasoning was correct."  
Caruth
, 333 Ill. App. 3d at 97, 775 N.E.2d at 226.  Thus, for the reasons that follow, we affirm the trial court's grant of Wilson's motion to dismiss as plaintiffs' complaint fails to state a cause of action upon which relief may be granted. 

B. Willful or Malicious Failure To Guard or Warn

Generally, owners and occupiers of land do not have a duty to maintain their property in a way that promotes the safety of trespassers.  
Kahn v. James Burton Co.
, 5 Ill. 2d 614, 625, 126 N.E.2d 836, 841 (1955).  However, an exception exists where they know, or should know, that (1) children habitually frequent the land; (2) a dangerous condition exists on the property; (3) such condition is likely to cause injury to those children because, by reason of their immaturity, they are incapable of appreciating the risks involved; and (4) the expense or inconvenience of remedying the condition is slight compared to the risk to children.  
Kahn
, 5 Ill. 2d at 625, 126 N.E.2d at 842.  In such cases, owners and occupiers of land have a duty to remedy the dangerous condition or to protect children from it.  
Kahn
, 5 Ill. 2d at 625, 126 N.E.2d at 842.  

Nevertheless, if the condition on the land involves obvious risks that children generally would be expected to appreciate and avoid, no duty to remedy it ensues.  
Corcoran v. Village of Libertyville
, 73 Ill. 2d 316, 326, 383 N.E.2d 177, 180 (1978).  Further, section 11-1427(g) of the Vehicle Code immunizes owners, lessees, and occupants of land from liability when someone is injured on their land while using an ATV, unless such liability exists because of "willful or malicious failure to guard or warn against a dangerous condition."  625 ILCS 5/11-1427(g) (West 2002).  The relevant text of section 11-1427(g) is as follows:

"Notwithstanding any other law to the contrary, an owner, lessee, or occupant of premises owes no duty of care to keep the premises safe for entry or use by others for use by an [ATV] or off-highway motorcycle, or to give warning of any condition, use, structure[,] or activity on such premises.  ***

Nothing in this subsection limits in any way liability which otherwise exists for willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity."  625 ILCS 5/11-1427(g) (West 2002). 

A person acts maliciously when he or she commits a wrongful act intentionally and without just cause.  
Gordon v. Oak Park School District No. 97
, 24 Ill. App. 3d 131, 135, 320 N.E.2d 389, 393 (1974).  Willful and wanton conduct is "a hybrid between acts considered negligent and behavior found to be intentionally tortious."  
Ziarko v. Soo Line R.R. Co.
, 161 Ill. 2d 267, 275, 641 N.E.2d 402, 406 (1994).  A person's acts are willful and wanton when they are done intentionally or under circumstances exhibiting a reckless disregard for the safety of others.  
Ziarko
, 161 Ill. 2d at 273, 641 N.E.2d at 405.  
   

Pursuant to section 11-1427(g) of the Vehicle Code, Wilson will only be liable for Tyler's injuries if he willfully or maliciously failed to guard against or warn of the hole.  Here, plaintiffs' only contention is that Wilson's actions were willful and wanton, not malicious.  They argue that Wilson's failure to guard against the hole or warn of its existence was willful and wanton because Wilson knew (1) the hole was dangerous and (2) children were likely to ride ATVs in his fields
.  We disagree.

Plaintiffs' argument that Wilson should have made his leased property safe for use by ATV riders because such use was foreseeable ignores the purposes and intentions of section 11-1427(g) of the Vehicle Code.  Section 11-1427(g) relieves a lessee of the duty to make his property safe for use by ATV riders or to warn of a dangerous condition, unless liability is based upon the willful or malicious conduct of the lessee.  625 ILCS 5/11-1427(g) (West 2002).  That ATV use was foreseeable does not establish willful and wanton conduct on Wilson's part.  Further, the facts alleged in plaintiffs' complaint are insufficient to show Wilson's actions were willful since he neither intentionally caused harm nor did he exhibit a reckless disregard for the safety of others.  

Here, Wilson discovered the hole in his field while harvesting and left soybeans standing in and around it.  His actions both prevented damage to his farming equipment and marked the existence of the hole.  The soybeans standing in and around the hole were clearly visible because the remainder of the field was harvested.  Further, while it may have been foreseeable that ATV users would ride in the field once it was harvested, it does not necessarily follow that it was foreseeable that one would intentionally drive through the collection of remaining soybeans with the purpose of destroying them. 

At most, plaintiffs' complaint alleges liability on Wilson's part based upon traditional concepts of negligence.  We find the trial court was correct in stating that such liability is exactly the type that section 11-1427(g) was meant to protect against.  ATV riding is an inherently dangerous activity, and trespassers engaging in such an activity must be responsible for guarding their own safety when riding on another's property; this is especially true when that property is an unfamiliar open field used for agricultural purposes.  

Section 11-1427(g) relieves Wilson of a duty to ATV riders to guard against or warn of a dangerous condition on his leased property.  Further, nothing in plaintiff's complaint brings Wilson's conduct within section 11-1427(g)'s exception for willful or malicious conduct.  Therefore, we affirm the trial court's dismissal of plaintiff's complaint with regard to Wilson as it fails to state a cause of action upon which recovery can be obtained.  

III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

     COOK, P.J., concurs.

McCULLOUGH, J., specially concurs. 

JUSTICE McCULLOUGH, specially concurring:

I concur in the majority's order affirming the trial court and write specially only as to defendant Bart Wilson, the tenant of the farm property.

Plaintiffs' appeal is only with respect to defendant Bart Wilson.  No issue is raised as to judgment in favor of John, Sheri, Kristle, and Kevin Williams, the owners of the property.  Bart Wilson is the tenant on the property owned by the Williamses.  Wilson had not harvested the beans that surrounded an erosion drainage hole to avoid damage to his combine, and as the majority states "to serve as a visual reminder."  Slip op. at 2.

As the majority points out and the trial court stated in its October 5, 2004, order, Tyler, then 13 years old, "while driving 30 miles per hour, he intentionally drove into the standing beans for the express purpose of destroying them."  At the time he was in defendant's field, he was a trespasser.  There was at least one "No Trespassing" sign placed on the premises.

Plaintiffs' argument that defendant Wilson's conduct was willful and malicious is utterly without merit.  Filing a lawsuit by parents of a 13-year-old child that the parents entrust with an ATV, to do as he pleases, is not what our system of justice should be about.  Where there is an abuse of our justice system, our review process should give serious consideration to impose sanctions.

A review of the facts show the child knew the definition of "trespassing."  Cynthia Morris, Tyler's mother, stated in her deposition that they did not have permission to use the field and she never talked to Tyler about it.  Mark Morris, the father, told Tyler he could ride in the field and that the unharvested beans that were left were waste.  Mark Morris's deposition shows he never talked to the owner of the property and that he knew that he did not have permission to be on defendant's property but approved of Tyler being on the field. The child testified that he did not know if dad had permission and his permission came from "my dad."

As the trial court stated, "There is nothing in the allegations of this complaint that make the conduct of either the landowner or the farmer/occupant willful or malicious."

Section 11-1427(f) also makes it clear that it is unlawful to operate an ATV "[o]n private property, without the written or verbal consent of the owner or lessee thereof."  625 ILCS 5/11-1427(f) (West 2002).  The depositions of plaintiffs make it clear they knew they did not have permission to be on the property and knew the child was trespassing.